UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIS EARL JENKINS, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH O'NEIL, et al.,<br><br>Defendants. | CASE NO. 2:22-CV-786-BHS-DWC<br><br>ORDER TRANSFERRING CASE |

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. Plaintiff Willis Earl Jenkins, Jr., proceeding *pro se*, initiated this lawsuit on June 7, 2022. *See* Dkt. 1. The Court has reviewed Plaintiff's proposed complaint and finds the proper venue for this case is the District of Colorado. Therefore, the Court orders this case be transferred to the District of Colorado, Colorado Springs Division.

I.      **Background**

In the proposed complaint, Plaintiff, who is housed in Colorado Springs, Colorado, alleges his constitutional rights were violated by Defendants Elizabeth O'Neil, Deputy

Ravencamp, and Bill Elder, all employed by El Paso County in Colorado Springs, Colorado. *See* Dkt. 1-1. Plaintiff also names the El Paso County Jail as a Defendant. *Id*.

The Court has not granted Plaintiff *in forma pauperis* ("IFP") status, nor has the Court ordered the Clerk's Office to attempt service of process. No defendant has appeared in this action.

## II.  Discussion

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not based solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

Here, Plaintiff's claims arise out of actions that occurred in El Paso County and the El Paso County Jail. *Id*. El Paso County is located in the District of Colorado, Colorado Springs Division. *See* 28 U.S.C. § 85. Further, the named Defendants reside in the District of Colorado. *See* Dkt. 1-1 (mailing addresses listed as Colorado Springs, Colorado). Plaintiff has not named any Defendants who are located in the Western District of Washington. Therefore, the Court concludes venue in this Court is improper.

1     Because venue is improper, the Court has the discretion to dismiss or transfer the case.

2 *See* 28 U.S.C. § 1406(a). Plaintiff is a *pro se* prisoner. *See* Dkt. 1-1. At this time, the Court does

3 not find the proposed complaint is meritless. Further, dismissing the case and directing Plaintiff

4 to refile in the District of Colorado would cause unnecessary delay. Therefore, the Court finds

5 transferring, rather than dismissing, this case is appropriate.

6     **III.    Conclusion**

7     The Court finds venue is improper and the interests of justice require this case be

8 transferred to the proper venue. Accordingly, the Court orders this case be transferred to the

9 District of Colorado, Colorado Springs Division and the case be closed.[1]

10     In light of the transfer, the Court defers to the District of Colorado with respect to

11 Plaintiff's Application to Proceed IFP (Dkt. 3).

12     Dated this 12th day of July, 2022.

David W. Christel
United States Magistrate Judge

---

[1] An order transferring venue pursuant to 28 U.S.C. §1404(a) does not address the merits of the case; therefore, it is a non-dispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Pavao v. Unifund CCR Partners*, 934 F.Supp.2d 1238, 1241 n. 1 (S.D. Cal. 2013).